**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Irvin Morales</u>

    v.                                              Civil No. 17-cv-234-SM

<u>New Hampshire Attorney General
Joseph Foster et al.</u>[1]

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Irvin Morales has filed a motion for a preliminary injunction (Doc. No. 4), which has been referred to this magistrate judge for a report and recommendation. The claims in the complaint (Doc. No. 1) challenge the validity of a group strip search that occurred after a December 2014 holiday event at the New Hampshire State Prison. The relief sought in the motion for a preliminary injunction (Doc. No. 4) is an order preventing the New Hampshire State Prison from transferring Morales in retaliation for his litigation of this action, or providing him with transportation to each hearing in this case if he is transferred.

---

[1]Plaintiff names as defendants: (former) New Hampshire Attorney General Joseph Foster; (former) New Hampshire Department of Corrections Commissioner William Wrenn; Christopher Kench; Colon Forbes; (former) New Hampshire State Prison Warden Richard Gerry; Jean Carrol; Jon Fouts; Corrections Officer Greenwood, whose first name is unknown; unnamed NHSP officers, who plaintiff identifies as John Does 1-11; and Kelly Jardine.

**Discussion**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("'[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'" (citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

"Irreparable harm most often exists where a party has no adequate remedy at law." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  Id.

2

Morales has claimed that he is at risk of a transfer to another facility, and he seeks an injunction that prohibits a transfer or requires the New Hampshire Department of Corrections to transport him to hearings in this case.  Morales points to no specific information in his case that suggests he is at risk of being transferred in retaliation for litigating this matter, and to no information at all suggesting that he would not be transported as necessary for hearings in the case.  Rather, Morales generally asserts, without any evidence or affidavit to support the assertion, that the prison has a history of transferring inmates who file lawsuits against prison officials.

Morales bases his motion on unsubstantiated fears and speculation, which do not suffice to establish a likelihood of irreparable harm.  Preliminary injunctive relief is not warranted.  Accordingly, the district judge should deny Morales's request for a preliminary injunction (Doc. No. 4), without prejudice to his ability to file a new motion for a preliminary injunction if a change in his circumstances warrants such relief.

## Conclusion

For reasons stated above, the district judge should deny Morales's motion for a preliminary injunction (Doc. No. 4),

without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 25, 2018

cc:  Irvin Morales, pro se