UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Irvin Morales

   v.                                             Civil No. 17-cv-234-SM

Joseph Foster et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Irvin Morales's Third Amended Complaint ("TAC") (Doc. No. 33-1).  The TAC is before the court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915(e)(2), to determine whether any of the claims stated in that pleading may proceed.

**Preliminary Review Standard**

This court applies the same preliminary review standard to the TAC that the court used to conduct the preliminary review of the Second Amended Complaint ("SAC") in this case.  That standard is set forth in the January 3 R&R.

---

[1]After the court completed its preliminary review of the Second Amended Complaint, the only defendant remaining in this action was an unnamed corrections officer ("CO") identified as CO John Doe 2.  See Feb. 1, 2019 Order (Doc. No. 35) (approving Jan. 3, 2019 R&R (Doc. No. 29)).  The Third Amended Complaint ("TAC") (Doc. No. 33-1) names as defendants COs John Does 1-3, Jane Doe One, CO Kelly Jardine, Maj. Jon Fouts, Capt. Roderick Greenwood, and Sgt. Keith Forcier.  This R&R recommends dismissal of all defendants named in the TAC except for CO John Doe 2, Greenwood, Fouts, and Forcier.

**Background**

The undersigned Magistrate Judge conducted a preliminary review of Morales's Second Amended Complaint ("SAC") (Doc. No. 27) on January 3, 2019, which resulted in the issuance of a Report and Recommendation ("January 3 R&R") (Doc. No. 29) recommending that the district judge dismiss most of the claims in the SAC and all of the named defendants, and an Order (Doc. No. 30) directing service of the SAC on the remaining defendant, an unnamed Corrections Officer ("CO") identified as CO John Doe 2. Morales filed the proposed TAC as an exhibit in response to the January 3 R&R and submitted it along with a motion seeking leave to file it, see Doc. No. 33. The district judge subsequently approved the January 3 R&R, see Feb. 1, 2019 Order (Doc. No. 35).

The TAC is like the SAC, with some differences. Fewer supervisory defendants are identified in the TAC, one claim has been dropped altogether, and several new or clarified allegations have been added. In the January 3 R&R, the court identified and numbered Claims 1-4 in the SAC, as follows:

> 1. In making Morales the object of an excessively long, slow, and humiliating search after Morales protested that the search would violate his rights, Corrections Officer ("CO") John Doe 2:
>
>    a. Violated Morales's Fourth Amendment right not to be subjected to an unreasonable search, lacking any legitimate purpose;

      b.    Violated Morales's Eighth Amendment right not to be subjected to cruel and unusual punishment; and

      c.    Violated Morales's right to avoid retaliation for engaging in conduct protected by the First Amendment.

2.    Defendant COs Jane Doe 1, John Doe 1, Kelly Jardine, and John Doe 3; Maj. Jon Fouts; Capt. Roderick Greenwood; and Sgt. Keith Forcier, in causing Morales to be strip-searched without privacy screens in the presence of other male inmates and COs, including a female CO, in view of a surveillance camera monitored by a female CO, violated Morales' rights under

      a.    the Fourth Amendment, and

      b.    the Eighth Amendment.

3.    COs Jardine, Jane Doe 1, and John Does 1, 2, and 3; Capt. Greenwood; Sgt. Forcier; and Maj. Fouts violated Morales's First Amendment right to the free exercise of religion, in that they required Morales to perform acts forbidden by his religion.

4.    COs Jane Doe 1, John Does 1-3, and Jardine; Capt. Greenwood; Sgt. Forcier; and Maj. Fouts violated Morales's Fourteenth Amendment right to equal protection by subjecting only inmates like Morales who stayed until the end of the holiday event to a strip-search, while allowing inmates who left the event early to be searched by being patted-down while wearing clothes.

Upon completing its preliminary review of the SAC, the court dismissed Claims 2(a), 2(b), 3, and 4, see Feb. 1, 2019 Order (Doc. No. 35) (approving Jan. 3, R&R (Doc. No. 29)), and directed service of Claims 1(a), 1(b), and 1(c) upon defendant CO John Doe 2, see Jan. 3 Order (Doc. No. 30). Morales has reasserted Claims 1-4 in the TAC.[2]

---

    [2]In the SAC, Morales asserted a spoliation of evidence claim

In the TAC, Morales also asserts the following new claim of supervisory and/or bystander liability, identified in this R&R as Claim 6, against defendants who are alleged to have been CO John Doe 2's supervisors:

> 6.   Maj. Jon Fouts, Capt. Roderick Greenwood, and Sgt. Keith Forcier are liable for CO John Doe 2's conduct in subjecting Morales to an excessively long, slow, and humiliating search, in that, while having supervisory authority over CO John Doe 2, they witnessed the manner in which the search was conducted but failed to intervene to stop it, despite having the opportunity to do so:
>
>> a.   In violation of Morales's Fourth Amendment right not to be subjected to an unreasonable search, lacking any legitimate purpose;
>>
>> b.   In violation of Morales's Eighth Amendment right not to be subjected to cruel and unusual punishment; and
>>
>> c.   In violation of Morales's right to avoid retaliation for engaging in conduct protected by the First Amendment.

## Discussion

I.   Claims 1(a)-(c)

Claims 1(a)-(c) in the TAC, asserted against CO John Doe 2, are the same claims of violations of Morales's First, Fourth, and Eighth Amendment rights asserted against CO John Doe 2 that the court allowed to proceed upon completing its preliminary

---

that the court in the January 3 R&R numbered as Claim 5.  That claim has been dismissed.  See Feb. 1, 2019 Order (Doc. No. 35) (approving Jan. 3, 2019 R&R (Doc. No. 29)).  Morales has not reasserted Claim 5 in the TAC.

4

review of the SAC. The court allows those claims to remain in the case, and, in the Order issued this date, grants plaintiff leave to conduct limited discovery at this time for the purpose of discovering CO John Doe 2's identity.

II.  Claims 6(a)-(c)

In the TAC, Morales injects new claims of bystander or supervisory liability against Fouts, Greenwood, and Forcier for being present at, and failing to intervene to stop, subordinate officer CO John Doe 2's alleged unconstitutional acts summarized in Claims 1(a)-(c), despite having an opportunity to do so. Morales also alleges that the defendants to Claim 6(a)-(c) have supervisory authority over CO John Doe 2.

    A.  Bystander Liability

Allegations that law enforcement officers who have witnessed a fellow officer using excessive force but have not intervened despite a reasonable opportunity to do so may state a viable claim under section 1983. See Martinez v. Colon, 54 F.3d 980, 985 (1st Cir. 1995) ("'an officer who is present at the scene [of an arrest] and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance,' provided that he had a 'realistic opportunity' to prevent the

5

other officer's actions" (quoting Gaudreault v. Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1990)). Although such bystander liability has generally been applied in cases involving claims of excessive force, "other constitutional violations also may support a theory of bystander liability." Whitley v. Hanna, 726 F.3d 631, 647 n.11 (5th Cir. 2013) (citing cases). Bystander liability has been applied to Fourth Amendment claims challenging searches, see, e.g., Douglas v. Johnson, No. 7:11-CV-00468, 2013 U.S. Dist. LEXIS, at *32, 2013 WL 1123849, at *10 (W.D. Va. Mar. 18, 2013); Fernandors v. District of Columbia, 382 F. Supp. 2d 63, 73-74 (D.D.C. 2005), and to claims challenging First Amendment retaliation, see, e.g., Mays v. Smith, No. 5:18-CT-3186-FL, 2019 U.S. Dist. LEXIS 31860, at *7, 2019 WL 958401, at *3 (E.D.N.C. Feb. 27, 2019). Under a theory of bystander liability, at this stage of the case, Claims 6(a), 6(b), and 6(c) may proceed against defendants Fouts, Greenwood, and Forcier.

   B.   Supervisory Liability

A plaintiff may state a claim of supervisory liability under 42 U.S.C. § 1983 upon allegations showing that there was an "affirmative link" between a supervisory defendant and the unconstitutional acts or omissions of her or his subordinate officer, which "led inexorably to the constitutional violation."

6

Morales v. Chadbourne, 793 F.3d 208, 221 (1st Cir. 2015). Supervisory liability typically arises in one of two ways, either by a showing of the supervisor's "direct participation" in the constitutional tort, or by allegations regarding the supervisor's conduct in training, supervising, or hiring a subordinate "'with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation.'" Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (citation omitted). To state a claim of supervisory liability, the plaintiff "must show 'an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization,' between the actor and the underlying violation." Id. (citation omitted); cf. Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citation omitted) (finding that supervisor's promulgation of policy that was silent as to manner of implementation, and his "mere presence," when his subordinates engaged in acts alleged to have violated plaintiff's constitutional rights in implementing that policy, was "insufficient to create the affirmative link necessary for a finding of supervisory liability").

 The facts alleged in the TAC regarding the supervisory officers' observations of the search of Morales, and their failure to intervene despite an opportunity to do so under the

7

circumstances, suffice to state a claim of supervisory condonation or tacit authorization, upon which relief might be granted, as to Claims 6(a)-(c). Accordingly, in an Order issued this date, the court has directed Fouts, Greenwood, and Forcier to file an answer or other response to Claims 6(a)-(c), under theories of bystander and supervisory liability.

### III. Claims 2(a), 2(b), 3, 4

The February 1, 2019 Order (Doc. No. 35) (approving January 3 R&R) dismissed all other claims in this action, and dropped all defendants, except for Claims 1(a)-(c) as to CO John Doe 2. The reasons for dismissing those claims -- qualified immunity as to Claims 2(a) and 3 and failure to plead sufficient facts to state a claim as to Claims 2(b) and 4 -- are equally applicable to the TAC as to those defendants, as the new allegations in the TAC do not substantially alter the factual allegations in the SAC, or otherwise warrant restoring those dismissed claims and rejoining those defendants. Accordingly, the claims asserted in the TAC identified in this R&R as Claims 2(a), 2(b), 3, and 4 should be dismissed, and all defendants other than CO John Doe 2, Fouts, Greenwood, and Forcier, should be dropped as parties.

### Conclusion

For the foregoing reasons, the district judge should

dismiss Claims 2(a), 2(b), 3, and 4, and drop as parties all defendants other than CO John Doe 2, Maj. Jon Fouts, Capt. Roderick Greenwood, and Sgt. Keith Forcier.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 17, 2019

cc:  Irvin Morales, pro se
     Francis Charles Fredericks, Esq.
     Lawrence Edelman, Esq.