UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Irvin Morales</u>

    v.                                  Case No. 17-cv-234-SM

<u>CO John Doe #2, Jon Fouts,</u>
<u>and Roderick Greenwood</u>

**<u>SUPPLEMENTAL REPORT AND RECOMMENDATION</u>**

Following remand from Judge McAuliffe (Doc. No. 96), the court has before it defendants' motion to reconsider[1] the undersigned Magistrate Judge's April 13, 2021 Report and Recommendation (Doc. No. 91) ("April 13 R&R") that the district judge grant plaintiff's motion for leave to amend his complaint to replace defendant John Doe #2 with Todd Blair Carr, Jr., as a party. (Doc. No. 84). The gist of defendants' motion is that the April 13 R&R erroneously applies the doctrine of equitable tolling to plaintiff's motion to amend. For the reasons that follow, the court again recommends that the district court grant plaintiff's motion.[2]

---

[1] Although defendants filed the motion as an objection to the court's previous Report and Recommendation (Doc. No. 91), Judge McAuliffe construed it as a motion to reconsider in his remand order. (Doc. No. 96).

[2] As this Supplemental Report and Recommendation follows Judge McAuliffe's order to further analyze the potential application of equitable tolling on plaintiff's motion to amend, the court here addresses only that issue in this supplement. The

**Standard of Review**

The standard applied by the Magistrate Judge in considering whether to reconsider a Report and Recommendation is the same standard that applies when a party moves for reconsideration of an interlocutory order in this court: the movant must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error or law or was clearly unjust." Dionne v. Fed. Nat'l Mortg. Ass'n, 110 F. Supp. 3d 338, 341 (D.N.H. 2015)) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

**Discussion**

Where, as here, the court "borrows a state statute of limitations it must also borrow the analogous state tolling rules, at least to the extent they are consistent with federal law." Hebert ex rel. Hebert v. Manchester Sch. Dist., 833 F. Supp. 80, 84 (D.N.H. 1993); see also Portsmouth Country Club v. Town of Greenland, 883 A.2d 298, 304 (N.H. 2005) (observing that "[a] party attempting to invoke [equitable tolling] doctrine

---

April 13 R&R (Doc. No. 91) should be read in tandem with this supplement.

will be held to a duty of reasonable inquiry") (quoting Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (Mass. 1997)).

Defendants' argument on reconsideration boils down to two related points. First, they argue that equitable tolling is only applicable in "extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." Def. Mot. (Doc. No. 93) at 3 (quoting Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010)). Second, defendants argue that the trail of this case shows that the plaintiff has not been diligent in pursuing the identity of the defendant originally identified as John Doe #2 as the person who ordered the strip search. See Compl. (Doc. No. 1) ¶ 30.

While it is true that plaintiff did not engage in formal discovery until 2019 to ascertain John Doe #2's identity, it is not accurate that "there is no record of Plaintiff exercising diligence to discover the identity of John Doe #2 until roughly a whole year after the statute of limitations had already expired" in April 2018. Def. Mot. (Doc. No 93) at 6. As detailed below, the court ordered the defendants to provide John Doe #2's identity on multiple occasions, plaintiff sought to refine his description of John Doe #2 in amended complaints, and several delays in advancing the issue of ascertaining the identity of John Doe #2 were attributable to the court.

As noted above, John Doe #2 was first named in plaintiff's original complaint, filed in June 2017. (Doc. No. 1). The court issued it preliminary review of that complaint in March 2018 (Doc. No. 10). The accompanying service order (Doc. No. 12) directed the defendants to identify John Doe #2.[3] On May 4, 2018, the defendants indicated that "they could not conclusively identify" John Doe #2. (Doc. No 16).

On May 10, 2018, plaintiff moved for leave to file an amended complaint (Doc. No 17), which the court granted on May 29, 2018 and which the plaintiff filed on June 27, 2018. (Doc. No. 19). After again getting leave of court, plaintiff filed a Second Amended Complaint ("SAC") on August 20, 2018, in which he refined the description of John Doe #2 as "an acting correctional officer during the party in question, and is described as a white male, 5' 7", 175 lbs. with a stocky build, black hair, brown eyes, and in his 20's (age)." SAC (Doc. No. 27) at 7.

The court completed its preliminary review of the SAC on January 3, 2019. (Doc. No. 29). The accompanying service order (Doc. No. 30) withdrew the earlier R&R and service order and,

---

[3] Although both the Report and Recommendation (Doc. No. 10) and Service Order (Doc. No. 12) were later vacated after preliminary review of subsequent amended complaints, see Order (Doc. No. 30), the fact remains that plaintiff and the court placed the identity of John Doe #2 at issue at the earliest stage of the litigation.

inter alia, again ordered the defendants to identify John Doe #2, using the description plaintiff provided in the SAC. On February 1, 2019, defendants again indicated it could not identify John Doe #2, because none of the personnel fit plaintiff's physical description. (Doc. No. 34). Plaintiff objected to defendants' notice (Doc. No. 36) on February 13, 2019. He also asked, for the first time, for "Pre-case discovery." Id. Four months later, in June 2019, the court granted plaintiffs request to conduct discovery. After receiving discovery responses he deemed inadequate, plaintiff filed a motion to compel (Doc. No 56) in September 2019. After denying in part defendants' motion to dismiss on March 24, 2020, the court then ruled on plaintiff's motion to compel in August 2020, at which time it noted that the defendant Major Fouts's responses were deficient in one respect:

> "Missing from his response are statements indicating that he asked the relevant set of subordinate officers if they were at the holiday party, and a record of their responses. Given the potential importance of such evidence to identifying CO John Doe 2; pro se inmate Mr. Morales's practical impediments to obtaining the same information otherwise; the ready availability of that information to Major Fouts from sources within his control; and the relative ease with which that inquiry could be completed, the court concludes that Major Fouts is required to undertake that inquiry as part of his response to Interrogatory 1."

Order (Doc. No. 82) at 6. The court then ordered defendant Major Fouts to serve that discovery response regarding his

5

subordinates by September 4, 2020.  On September 22, 2020, plaintiff moved to amend his complaint to replace John Doe #2 with Carr, an individual who defendants assert was not among Maj. Fouts's subordinates in September 2020 and was not part of the court-ordered discovery served on plaintiff (See Doc. No. 84).  In the motion to substitute John Doe #2, plaintiff asserted that the court's August 20, 2020 order helped him ascertain Carr's identity.[4]

Ultimately, the court finds that plaintiff's inclusion of John Doe #2 in his original complaint (filed ten months before the expiration of the statute of limitations), the court's orders directing defendants to identify John Doe #2, plaintiff's efforts to provide a description of John Doe #2 through amendments to his complaint, and delays in reviewing those

---

[4] The defendants assert that the spreadsheet they produced in August 2019 (the production that spurred the motion to compel) provided the plaintiff with all the information he needed to identify Carr as John Doe #2 at that time, since the additional information produced to plaintiff in September 2020 did not include any new information about Carr (except, it appears, the information that Carr no longer worked for the N.H. Department of Corrections).  Def. Obj. (Doc. No. 85) at 2 n.2.  Therefore, defendants argue, the additional delay from August 2019 to September 2020 in seeking to substitute Carr for John Doe #2 should be attributed to the plaintiff.  Given that the motion to compel was pending from September 2019 through August 2020, and that the instant Motion to Amend was filed shortly after the court ruled on the motion to compel and defendant served the court-ordered supplemental production, the court does not find any substantial evidence of plaintiff's lack of diligence in the time that passed before that court-ordered production.

6

complaints and plaintiff's motion to compel, combine to push the balance of equities in plaintiff's favor. This is especially true where, as here, information regarding John Doe #2's identity was within the exclusive possession and control of the defendants.

## Conclusion

Upon further consideration of plaintiff's Motion to Amend, and for the foregoing reasons as well as the reasons set forth in the April 13 R&R, the district judge should:

1. Grant plaintiff's motion to amend the Third Amended Complaint (Doc. No. 84) to replace defendant John Doe #2 with Todd Blair Carr, Jr. as a party, and to excise previously dismissed claims from the complaint.

2. Direct that the clerk's office docket plaintiff's proposed Fourth Amended Complaint (Doc. No. 84-1) as the Fourth Amended Complaint.

3. Find that, upon approval of this R&R, the Magistrate Judge should direct service of the Fourth Amended Complaint upon defendant Carr.

Any objections to the April 13 R&R and/or this Supplement must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 18, 2021

cc: Irvin Morales, pro se
 Counsel of record